OCT 15 2026 PM1:07
FILED-USDC-CT-NEW HAVEN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**NANCY MARTINEZ, M.A.M., and U.A.M.,**
Plaintiffs,

v.

**UNITED STATES OF AMERICA,**
Defendant.

Civil Action No. **3:26-cv-00949-KAD**

**BRANDON MICHAEL HAYES,**
Appearing Pro Se as President of the Natural Law Institute,

Movant.

---

## MOTION FOR CLARIFICATION OF ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF AND NOTICE OF DEVELOPED PROCEDURAL POSTURE

Brandon Michael Hayes, appearing pro se as President of the Natural Law Institute, respectfully moves for clarification of the Court's September 28, 2026 Order denying his Motion for Leave to File Amicus Curiae Brief.

The Court identified two distinct considerations.

First, the Court concluded that the September 18 submission was premature because, when filed, "there was no pending motion or issue joined for which the Court was receiving or needed briefing amicus or otherwise."

Second, after acknowledging that a Motion to Dismiss had subsequently been filed, the Court stated that it "does not anticipate needing amicus briefing in addition to the parties' briefing."

Those two propositions describe materially different decisional conditions.

The first concerns **timing**.

The second concerns **anticipated decisional utility**.

Clarification is appropriate because the first condition has now changed, while the second addresses briefing that had not yet been completed when the Order issued.

The docket establishes that Mr. Hayes filed his amicus motion on September 18; the United States filed its Motion to Dismiss for Lack of Jurisdiction on September 25; and the Court denied the amicus motion on September 28. The plaintiffs' response was set for October 16. Pasted markdown (2)

The present request therefore seeks clarification of the continuing effect of the September 28 Order and whether the denial permits renewal when the Court possesses the completed briefing necessary to determine whether the proposed amicus supplies analysis unavailable from the parties.

---

## I. THE ORDER IDENTIFIES TWO DIFFERENT BASES FOR DENIAL

The Court first states:

> "At the time Mr. Hayes sought leave to file an amicus curiae brief, there was no pending motion or issue joined for which the Court was receiving or needed briefing amicus or otherwise."

The Court then concludes:

> "The motion was premature at minimum and is denied for that reason."

That is a procedural determination tied directly to the condition of the docket on September 18.

The Court then recognizes that the condition changed:

> "Although there is now a pending Motion to Dismiss to which Plaintiff will no doubt file a responsive brief, the Court does not anticipate needing amicus briefing in addition to the parties' briefing."

The second statement is different in character.

It does not identify a defect in the proposed amicus.

It anticipates that the parties' eventual briefing will sufficiently occupy the decisional field.

Clarification is requested regarding whether the September 28 denial is therefore:

1. a denial based upon the procedural prematurity existing on September 18;

2. a determination that the proposed amicus is substantively redundant of briefing not yet completed when the Order issued;
3. a denial without prejudice to renewal after the parties' briefing permits an actual comparison of decisional coverage;
4. or a determination that amicus participation will not be considered at any later decisional stage in this matter.

The distinction controls the lawful next procedural act available to the proposed amicus.

---

## II. THE PROCEDURAL CONDITION IDENTIFIED BY THE COURT HAS CHANGED

The Court's primary reason for denying leave was prematurity.

That condition no longer exists.

The United States has filed a jurisdictional Motion to Dismiss.

The litigation therefore now contains precisely what the September 18 posture lacked:

**a pending motion presenting a defined question for judicial decision.**

This development matters because the proposed amicus was constructed as a decisional architecture.

Its purpose is to identify the relationships among:

**authority → classification → operation → consequence → review → correction**

The original submission describes Martinez as presenting:

> **"The relationship between authorized governmental action, individual consequence, review, and correction."**

The Martinez-specific portion then asks how a constitutional system preserves alignment between lawful authority, operational decision-making, individual consequence, and corrective capacity. The submission proceeds through authority assigned, authority classified, authority exercised, consequence produced, and review and correction available. Pasted markdown (2)

The presence of a jurisdictional motion now provides a concrete judicial object against which that architecture can be applied.

---

## III. THE ALTERNATIVE BASIS IDENTIFIED BY THE COURT IS ANTICIPATORY RATHER THAN COMPARATIVE

The Court additionally stated that it does not "anticipate needing amicus briefing in addition to the parties' briefing."

That statement is readily understood as a prediction concerning the expected completeness of party presentation.

At the time of the September 28 Order, however, the anticipated responsive briefing had not yet been filed. The docket itself set the plaintiffs' response to the jurisdictional Motion to Dismiss for October 16. Pasted markdown (2)

Accordingly, the Order does not identify an existing duplication between:

- the plaintiffs' analysis;
- the defendant's analysis;
- and the proposed amicus analysis.

The completed comparison did not yet exist.

This distinction matters because the traditional utility of amicus participation is supplying a decisional perspective, classification, or analytical structure that the parties—whose institutional task is adversarial representation—have not supplied.

The proposed amicus does not seek additional pages for one party's position.

It supplies a different analytical object.

The parties advocate for dispositions.

The proposed amicus maps the decisional environment in which those dispositions must be evaluated.

Whether those functions are redundant is an empirical question capable of evaluation against the completed briefing.

---

## IV. THE PROPOSED AMICUS HAS A CONCRETE FUNCTION IN THE PENDING JURISDICTIONAL ANALYSIS

The proposed framework can be applied directly to the pending judicial task.

**A. Classification of Governmental Authority**

A jurisdictional challenge involving governmental conduct requires the Court to identify the legal character of the governmental action placed before it.

The proposed amicus separates:

**source of authority**
→
**holder of authority**
→
**scope of authority**
→
**operational act**
→
**resulting consequence**

That sequence assists the Court in distinguishing the existence of governmental authority from the classification of the particular conduct through which that authority was exercised.

The distinction is directly relevant wherever jurisdiction turns upon the legal character attributable to governmental conduct.

**B. Separation of Authorization From Operation**

Government possesses authority through legal source.

Officials convert that authority into particular acts through operational decision-making.

Those are different analytical objects.

The proposed architecture therefore asks separately:

- what power existed;
- who possessed it;
- what purpose governed it;
- what operational choice was made;
- and what consequence followed.

That separation prevents the existence of governmental authority from automatically resolving the classification of every act performed under its asserted umbrella.

A jurisdictional analysis benefits directly from maintaining those categories.

### C. Consequence, Review, and Correction

Martinez places governmental action into relationship with alleged individual consequence.

The proposed amicus specifically maps:

**authority exercised**
→
**consequence produced**
→
**review available**
→
**correction available**

This is not abstract commentary.

It is a method for preventing distinct legal questions from collapsing into one another.

The framework enables the Court to ask, sequentially:

- whether authority existed;
- whether the challenged conduct corresponds to that authority;
- how the conduct is legally classified;
- what consequence followed;
- and what judicial review remains available.

That sequence is exactly the type of decisional compression for which amicus participation exists.

---

## V. THE TWO CONNECTICUT DENIALS ARE MATERIALLY DIFFERENT

The same four-matter submission has now received two different forms of denial within this District.

In **United States v. Connecticut, No. 3:26-cv-00758-VDO**, the Court characterized the proposed amicus as addressing philosophical questions and concluded that its contents had "no bearing on the legal analysis" and provided "no relevant insight."

This Court made no equivalent substantive finding.

Instead, this Court held that the submission was premature when filed and separately stated that it did not anticipate needing additional briefing beyond the parties' presentation.

These rulings are not formally irreconcilable because the matters and procedural postures differ.

They are, however, **materially different characterizations of the same submission**.

One treats the proposed analysis as substantively irrelevant.

The other treats timing as the primary defect and anticipated sufficiency of party briefing as the additional consideration.

That distinction matters.

If the defect here is prematurity, the identified condition has changed.

If the concern is redundancy, the completed party briefing provides the appropriate record against which redundancy can actually be measured.

If the Court instead intends a categorical determination that the proposed architecture has no useful application to this matter, clarification of that determination will render the governing basis explicit.

---

## VI. CLARIFICATION WILL DEFINE THE APPROPRIATE NEXT PROCEDURAL STEP

The proposed amicus seeks a clear procedural answer.

The Court has already identified the original filing as premature "at minimum."

The Court can now clarify whether its Order permits a renewed application once the parties' briefing is sufficiently developed to determine whether the proposed amicus supplies a distinct contribution.

Such clarification serves judicial economy.

It permits Mr. Hayes to conform any subsequent submission to the Court's identified decisional needs rather than repeatedly testing an undefined procedural boundary.

It also permits the record to distinguish among three different concepts:

**prematurity;**

**redundancy;**

and

**irrelevance.**

Those are separate conditions and produce different lawful responses.

---

## VII. REQUEST FOR CLARIFICATION

Brandon Michael Hayes respectfully requests that the Court clarify:

1. whether the September 28 denial was without prejudice to a renewed request for amicus participation after development of the pending Motion to Dismiss briefing;
2. whether the Court's statement that it does not anticipate needing amicus briefing reflects a determination concerning the substantive content of the proposed amicus or an expectation concerning the sufficiency of future party briefing;
3. whether, after completion of party briefing, Mr. Hayes may identify specific decisional questions not addressed by the parties and renew his request for leave on that developed record; and
4. whether any later stage of this proceeding would constitute an appropriate point for the Court to consider the proposed institutional analysis.

Respectfully submitted,

BMH

**Brandon Michael Hayes**
Pro Se
President, Natural Law Institute
159 Indian Hill Street
West Newbury, Massachusetts 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: **October 8, 2026**

---

## CERTIFICATE OF SERVICE

I certify that I provided electronic notice of this filing to counsel of record using the contact information maintained on the Court's docket prior to physical submission to the Court.

Respectfully submitted,

**Brandon Michael Hayes**
Pro Se
President, Natural Law Institute